## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TODD L. JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:22-cv-2072-DWD** |
| | ) | |
| **WARDEN GALLOWAY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at Shawnee Correctional Center, filed a Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) under 28 U.S.C. § 2254. The Petition is before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's first ground for relief survives a Rule 4 preliminary review. However, Petitioner indicates his five other grounds for relief are pending before the Supreme Court of Illinois. Therefore, the Court **STAYS** this entire case until those five grounds for relief are resolved. The Court will conduct a full Rule 4 preliminary review once those five grounds for relief are resolved and the stay is lifted.

## Background

In June 2016, a jury in Peoria County convicted Petitioner of armed robbery and aggravated robbery. (Doc. 1, pg. 1). In October 2016, Petitioner was sentenced to 33 years of imprisonment. (Doc. 1, pg. 1). Petitioner appealed to the Illinois Appellate Court, Third District, raising the following issues: (1) defense counsel rendered ineffective assistance due to a failure to test swabs taken from a gun for DNA; (2) the Illinois trial court erred

by striking Petitioner's motion to quash arrest; (3) the jury's guilty verdicts were legally inconsistent; (4) the Illinois trial court erred by failing to consider Petitioner's request for DNA testing; (5) the Illinois trial court committed plain error by conducting a portion of *voir dire* in chambers and without Petitioner present; and (6) the Illinois trial court applied an erroneous procedure in considering Petitioner's claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). *See People v. Johnson*, 2020 IL App (3d) 160675, ¶¶ 1, 31; (Doc. 1, pg. 2).

Ultimately, the Illinois Appellate Court, over a dissent, vacated Petitioner's conviction and remanded the case for a new trial. *See Johnson*, 2020 IL App (3d) 160675, ¶¶ 47-48; (Doc. 1, pg. 2). In doing so, the Illinois Appellate Court relied on only the first issue raised by Petitioner, namely, the ineffective assistance of counsel for the failure to test swabs taken from a gun for DNA. *See Johnson*, 2020 IL App (3d) 160675, ¶¶ 32-42. By virtue of its holding on that issue, the Illinois Appellate Court found it unnecessary to consider Petitioner's five other issues. *See id.* ¶¶ 44-45.

The State appealed to the Supreme Court of Illinois, which unanimously reversed the Illinois Appellate Court's decision and affirmed Petitioner's conviction. *See People v. Johnson*, 2021 IL 126291, ¶¶ 1, 60; (Doc. 1, pg. 3). The Supreme Court of Illinois then remanded the case back to the Illinois Appellate Court.

On remand, the Illinois Appellate Court considered Petitioner's five other issues, which were mooted by the holding in its prior decision. *See People v. Johnson*, 2020 IL App (3d) 160675-U. The Illinois Appellate Court held: (1) the verdicts were not legally inconsistent; (2) the Illinois trial court did not err by failing to consider Petitioner's request for DNA testing; (3) the Illinois trial court properly struck petitioner's motion to

2

quash arrest; (4) the Illinois trial court did not commit plain error by questioning a prospective juror in the absence of Petitioner; and (5) the Illinois trial court applied the correct procedure for a *Batson* challenge. *See Johnson*, 2022 IL App (3d) 160675-U, ¶¶ 1-2.

Now, Petitioner raises the same six issues as grounds for relief in the Petition. (Doc. 1, pg. 2). However, with respect to the five grounds for relief most recently resolved by the Illinois Appellate Court, Petitioner indicates he filed a petition for leave to appeal to the Supreme Court of Illinois. (Doc. 1, pg. 7). Petitioner seeks a waiver of § 2254's exhaustion requirement or a stay of this case until his petition for leave to appeal is resolved by the Supreme Court of Illinois. (Docs. 1, pg. 7, 4).

## Analysis

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts governs this preliminary review and states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005). Further, § 2254(b)(1), which is relevant here, states:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

3

(ii) circumstances exist that render such process ineffective to protect

the rights of the applicant.

28 U.S.C. § 2254(b)(1). Moreover, "[a]n applicant shall not be deemed to have exhausted

the remedies available in the courts of the State…if he has the right under the law of the

State to raise, by any available procedure, the question presented." *Id*. § 2254(c).

The exhaustion requirement is based on the principle that, in a federal system, the

State should have the first opportunity to address and correct violations of a state

prisoner's federal rights. *See Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017) (quoting

*Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). It requires a petitioner to "fairly present"

claims in the state court, meaning he or she asserts the claims, on direct appeal or in

postconviction proceedings, in "one complete round of state-court review." *Lewis v.

Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *Baldwin v. Reese*, 541 U.S. 27, 124 (2004);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275

(1971)). This means the claims are raised "at each and every level in the state court system,

including levels at which review [wa]s discretionary rather than mandatory." *Id*. at 1025-

26 (citing *O'Sullivan*, 526 U.S. at 845)); *see also U.S. ex rel. Jones v. Uchtman*, 387 F. Supp. 2d

856, 863-64 (N.D. Ill. 2005) (stating a "complete round of state-court review" in Illinois is

review by the Appellate Court and at least a petition for review by the Supreme Court).

Here, the Court **FINDS** Petitioner's first ground for relief, namely, the ground for

relief related to the ineffective assistance of counsel for the failure to seek testing of the

DNA swabs, satisfies the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(A). That

ground for relief was "fairly present[ed]" to both the Illinois Appellate Court and the

Supreme Court of Illinois. *See Lewis*, 390 F.3d at 1025-26; *Uchtman*, 387 F. Supp. 2d at 863-64. Further, it does not "plainly appear" Petitioner is not entitled to relief on that ground. As such, the Court **FINDS** the first ground for relief survives a Rule 4 preliminary review.

However, Petitioner's five other grounds for relief have only been "fairly present[ed]" to the Illinois Appellate Court. *See Lewis*, 390 F.3d at 1025-26; *Uchtman*, 387 F. Supp. 2d at 863-64. By virtue of the holdings of the Illinois Appellate Court on Petitioner's first ground for relief, the Supreme Court of Illinois has not yet addressed his five other grounds for relief. *See Johnson*, 2020 IL App (3d) 160675; *Johnson*, 2021 IL 126291; *Johnson*, 2020 IL App (3d) 160675-U. The Petition indicates that Petitioner has filed a petition for leave to appeal those grounds for relief in the Supreme Court of Illinois. (Doc. 1, generally). For this reason, Petitioner seeks a stay of this action until the petition for leave to appeal is resolved by the Supreme Court of Illinois. (Docs. 1, pg. 7; 4, generally).

The Court has the discretion to issue a stay due to Petitioner's presentment of a mixed habeas petition, *i.e.*, a petition containing exhausted and unexhausted claims. *See Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006); *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017). However, the exercise of discretion must comport with the purposes of the Antiterrorism and Effective Death Penalty Act of 1996. *See Yeoman*, 875 F.3d at 837 (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). Those purposes are "to 'reduce delays in the execution of state and federal criminal sentences, particularly in capital cases,' " and to achieve finality of state court judgments. *See id*. (quoting *Rhines*, 544 U.S. at 276). As noted above, federalism also dictates that state courts be given the first opportunity to decide a petitioner's claims. *See id*. (quoting *Rhines*, 544 U.S. at 273). If used too frequently,

5

stays could frustrate these purposes. *See id.* (quoting *Rhines*, 544 U.S. at 277). Therefore, a stay is appropriate only under the following limited circumstances: (1) the petitioner demonstrates good cause for failing to exhaust claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *See id.* (citing *Rhines*, 544 U.S. at 277-78); *accord Arrieta*, 461 F.3d at 866. In these limited circumstances, the district courts are directed to grant a motion to stay a mixed habeas petition. *See Arrieta*, 461 F.3d at 866.

Here, the Court **FINDS** good cause for Petitioner's failure to exhaust his claims in the State of Illinois. *See Yeoman*, 875 F.3d at 837; *accord Arrieta*, 461 F.3d at 866. It was by virtue of the Illinois Appellate Court's holding on direct appeal that neither it nor the Supreme Court of Illinois had cause to review all six of Petitioner's grounds for relief. *See Johnson*, 2020 IL App (3d) 160675; *Johnson*, 2021 IL 126291. Now, however, the Illinois Appellate Court has reviewed all six grounds for relief, and Petitioner intimates that a petition for leave to appeal was filed in the Supreme Court of Illinois. *See Johnson*, 2020 IL App (3d) 160675-U. As a result of this procedural posture and the potential implications on the 1-year limitations period in 28 U.S.C. § 2244(d)(1), a stay is appropriate. Further, the Court **FINDS** the unexhausted claims are not plainly meritless and there is no indication, based on the limited record, that Petitioner has engaged in abusive litigation tactics or intentional delay. *See Yeoman*, 875 F.3d at 837; *accord Arrieta*, 461 F.3d at 866.

Accordingly, consistent with this Memorandum & Order, the Court **GRANTS** Petitioner's request for a stay of this action, pending a denial of Petitioner's petition for leave to appeal or a decision by the Supreme Court of Illinois on the merits of the issues

6

raised in that petition for leave to appeal. Although Petitioner exhausted the first ground for relief in the State of Illinois, the Court concludes a stay of this entire action is warranted under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

## Conclusion

Petitioner's first ground for relief survives a Rule 4 preliminary review. However, Petitioner's five other grounds for relief have not been fully resolved by the Illinois courts. As such, the Court **STAYS** this entire action pending a resolution of those five grounds for relief by the Supreme Court of Illinois. The Court will conduct a full Rule 4 preliminary review once those five grounds for relief are resolved and the stay is lifted.[1]

Petitioner is **DIRECTED** to file a status report on or before **February 28, 2023**. If the proceedings in the State of Illinois conclude before that date, Petitioner is **DIRECTED** to file a status report within 14 days of the conclusion of those proceedings. Petitioner is **ADVISED** of the continuing obligation to keep the Clerk informed of any changes in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. The failure to provide such notice may result in a dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: December 1, 2022

_____
DAVID W. DUGAN
United States District Judge

---

[1]This Memorandum & Order shall not be read as opining on the merits of any of the grounds for relief stated in the Petition or impeding any arguments in response to the Petition.