IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD L. JOHNSON, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-2072-DWD |
| | ) |
| WARDEN GALLOWAY, | ) |
| | ) |
|    Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at Shawnee Correctional Center, filed a Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) under 28 U.S.C. § 2254. Previously, the Court stayed this case because the Petition presented both exhausted and unexhausted claims, *i.e.*, because 5 of the 6 grounds for relief were pending before the Supreme Court of Illinois. (Doc. 7). Now, Petitioner informs the Court, via the Status Report at Doc. 8, his Petition for Leave to Appeal to the Supreme Court of Illinois was denied. Therefore, the Court **LIFTS THE STAY** and conducts a full preliminary review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, the Court **FINDS**, based on the limited record available and without commenting on the merits, that the Petition survives a Rule 4 Preliminary Review.

In June 2016, a jury in Peoria County convicted Petitioner of armed robbery and aggravated robbery. (Doc. 1, pg. 1). In October 2016, Petitioner was sentenced to 33 years of imprisonment. (Doc. 1, pg. 1). Petitioner appealed to the Illinois Appellate Court, Third

District, raising the following issues: (1) defense counsel rendered ineffective assistance due to a failure to test swabs taken from a gun for DNA; (2) the Illinois trial court erred by striking Petitioner's motion to quash arrest; (3) the jury's guilty verdicts were legally inconsistent; (4) the Illinois trial court erred by failing to consider Petitioner's request for DNA testing; (5) the Illinois trial court committed plain error by conducting a portion of *voir dire* in chambers and without Petitioner present; and (6) the Illinois trial court applied an erroneous procedure in considering Petitioner's claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). *See People v. Johnson*, 2020 IL App (3d) 160675, ¶¶ 1, 31; (Doc. 1, pg. 2).

Ultimately, the Illinois Appellate Court, over the dissent of one justice, vacated Petitioner's conviction and remanded the case for a new trial. *See Johnson*, 2020 IL App (3d) 160675, ¶¶ 47-48; (Doc. 1, pg. 2). In doing so, the Illinois Appellate Court relied on only the first issue raised by Petitioner, namely, the ineffective assistance of counsel for the failure to test swabs taken from a gun for DNA. *See Johnson*, 2020 IL App (3d) 160675, ¶¶ 32-42. By virtue of its holding on that issue, the Illinois Appellate Court found it was unnecessary to consider Petitioner's five other issues. *See id.* ¶¶ 44-45.

The State appealed to the Supreme Court of Illinois, which unanimously reversed the Illinois Appellate Court's decision and affirmed Petitioner's conviction. *See People v. Johnson*, 2021 IL 126291, ¶¶ 1, 60; (Doc. 1, pg. 3). The Supreme Court of Illinois then remanded the case to the Illinois Appellate Court.

On remand, the Illinois Appellate Court considered Petitioner's five other issues, which were mooted by the holding in its prior decision. *See People v. Johnson*, 2020 IL App (3d) 160675-U. The Illinois Appellate Court held: (1) the verdicts were not legally

2

inconsistent; (2) the Illinois trial court did not err by failing to consider Petitioner's request for DNA testing; (3) the Illinois trial court properly struck petitioner's motion to quash arrest; (4) the Illinois trial court did not commit plain error by questioning a prospective juror in the absence of Petitioner; and (5) the Illinois trial court applied the correct procedure for a *Batson* challenge. *See Johnson*, 2022 IL App (3d) 160675-U, ¶¶ 1-2.

Petitioner filed the Petition on September 2, 2022, raising the same six issues, discussed above, as grounds for relief. (Doc. 1, pg. 2). However, Petitioner indicated 5 of the 6 issues were pending before the Supreme Court of Illinois in a Petition for Leave to Appeal. (Doc. 1, pg. 7). Therefore, the Court stayed this case until those issues were resolved by the Supreme Court of Illinois. (Doc. 7). Petitioner informs the Court that the Supreme Court of Illinois denied his Petition for Leave to Appeal on November 30, 2022. (Doc. 8, pg. 8). Accordingly, the Court now completes a full Rule 4 preliminary review.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts governs this preliminary review and states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005). Here, it appears Petitioner has exhausted his remedies in the State of Illinois. Each ground for relief was "fairly present[ed]" to both the Illinois Appellate Court and the Supreme Court of Illinois. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004) (citing *Baldwin v. Reese*, 541 U.S. 27, 124 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v.*

*Connor*, 404 U.S. 270, 275 (1971)); *see also U.S. ex rel. Jones v. Uchtman*, 387 F. Supp. 2d 856, 863-64 (N.D. Ill. 2005) (stating a "complete round of state-court review" in Illinois is review by the Appellate Court and at least a petition for review by the Supreme Court). Further, it does not "plainly appear" Petitioner is not entitled to relief on those grounds.

Accordingly, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent is **ORDERED** to file an answer or other pleading within 30 days of the date of this order, *i.e.*, on or before **January 23, 2023**. Petitioner shall then have 30 days, *i.e.*, until **February 22, 2023**, to file a Reply. The Government is not precluded from raising any objections or defenses to the Petition. Service on the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service. Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and the opposing party apprised of changes in his whereabouts. Petitioner shall notify the Clerk and the opposing party of a transfer or change of address, in writing, within 7 days. The failure to do so may result in a dismissal. *See* Fed. R. Civ. P. 41(b).

Finally, the Court notes Petitioner has made multiple requests for counsel. (Docs. 3 & 4). However, there is no constitutional right to counsel during collateral review, *i.e.*, during a review of the Petition under 28 U.S.C. § 2254. *See Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)); *accord Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014). Instead, under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must appoint legal counsel only if it finds an evidentiary hearing is warranted and the petitioner qualifies for appointed counsel under 18 U.S.C. § 3006A. *See* Rule 8(c) of the Rules Governing

Section 2254 Cases in the United States District Courts. On the limited record available at this pre-briefing stage, the Court **FINDS** an evidentiary hearing is not yet warranted.

Further, the Court declines to otherwise exercise its discretion to appoint counsel at this stage. *See* 28 U.S.C. § 2254(h); *see also* 18 U.S.C. § 3006A(2). Five factors are considered when ruling on a request to appoint counsel: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (citing *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983)).

At this juncture, Petitioner's claims are colorable to the extent that they survived a Rule 4 preliminary review. *See id.* However, it does not appear that Petitioner or the Government will have many "crucial facts" to investigate, as the "crucial facts" related to Petitioner's claims have undergone a complete round of review in the State of Illinois and "a determination of a factual issue made by a State court shall be presumed to be correct." *See id.*; 28 U.S.C. § 2254(e)(1). Further, in its response, the Government is required to, *inter alia*, attach "parts of the transcript[s] that…[it] considers relevant." *See* Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may also order the furnishing of other parts of existing transcripts *See id.* For these same reasons, the nature of the relevant evidence is not such that the truth will more likely be exposed if both sides are represented by counsel. *See Wilson*, 716 F.2d at 418. Finally, the two remaining factors, namely, the capability of Petitioner to present the case

5

and the complexity of the legal issues presented by the Petition, are best considered after the Government files an answer or other pleading in response to the Petition. Accordingly, at this stage, Petitioner's requests for counsel, including for the purpose of overseeing requested DNA testing, are **DENIED without prejudice**. The other portion of Doc. 4, relating to a waiver of the exhaustion requirement, is **DENIED as moot**.

**SO ORDERED.**

Dated: December 22, 2022

s/ David W. Dugan
_____
DAVID W. DUGAN
United States District Judge