IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD L. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-2072-DWD |
| | ) |
| WARDEN GALLOWAY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Emergency Motion for Leave to Amend the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"), Discovery and an Expansion of the Record, and an Evidentiary Hearing ("Emergency Motion") (Doc. 15). Petitioner also again requests the appointment of counsel. (Doc. 15, pg. 1).

Petitioner filed the Petition on September 2, 2022, raising the following six grounds for relief: (1) defense counsel rendered ineffective assistance due to a failure to test swabs taken from a gun for DNA; (2) the Illinois trial court erred by striking Petitioner's motion to quash arrest; (3) the jury's guilty verdicts were legally inconsistent; (4) the Illinois trial court erred by failing to consider Petitioner's request for DNA testing; (5) the Illinois trial court committed plain error by conducting a portion of *voir dire* in chambers and without Petitioner present; and (6) the Illinois trial court applied an erroneous procedure in considering Petitioner's claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). (Doc. 1, pg. 2).

On December 22, 2022, the Court found, based on the limited record and without commenting on the merits, the Petition survived a Rule 4 Preliminary Review. (Doc. 9). Respondent's answer or other pleading is due on March 6, 2023. (Doc. 16). Petitioner has until April 5, 2023, to file a Reply. (Doc. 16).

Now, Petitioner files the Emergency Motion under Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. 15, pg. 1). However, under Rule 6, which pertains to discovery, Petitioner has not specifically "provide[d] reasons for the request" for discovery. *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Likewise, Petitioner's request does not "include any proposed interrogatories and requests for admission, and…specify any requested documents." *See id*. Accordingly, under Rule 6, Petitioner has not shown good cause for discovery at this pre-briefing stage of the case. *See id*.

Further, although the Court "may direct the parties to expand the record by submitting additional materials relating to the petition," Petitioner has not specifically identified any such materials that he wishes to obtain. *See* Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. As previously noted in this case (Doc. 9, pg. 5), Respondent is required to, *inter alia*, attach "parts of the transcript[s] that…[it] considers relevant" to its Response to the Petition. *See* Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may also order the furnishing of other parts of existing transcripts. *See id*. Therefore, at this pre-briefing stage of the case, the Court declines to expand the record. *See* Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts.

Next, regarding Petitioner's request for an evidentiary hearing, the Court notes that it must "review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." *See* Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. As alluded to above, the Court cannot review those materials because the case has not been briefed. As such, the Court declines to order an evidentiary hearing at this time under Rule 8. For this same reason, and for the reasons explained at Doc. 9, pages 4-6, the Court declines to appoint counsel for Petitioner. *See id.*

Finally, Petitioner articulates no specific basis for amending the Petition. He references only the six grounds for relief contained in the Petition and no others. Therefore, the Court advises Petitioner that he should include all arguments related to those six grounds for relief in his Reply, which is presently due on April 5, 2023.

For the foregoing reasons, the Emergency Motion is **DENIED without prejudice**.

**SO ORDERED.**

Dated: February 13, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge
