IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD L. JOHNSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    Case No. 3:22-cv-2072-DWD |
| | ) |
| WARDEN GALLOWAY, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Motion to Amend the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 20), which is his second such motion. (Doc. 15).

The Petition was filed on September 2, 2022, raising the following six grounds for relief: (1) defense counsel rendered ineffective assistance due to a failure to test swabs taken from a gun for DNA; (2) the Illinois trial court erred by striking Petitioner's motion to quash arrest; (3) the jury's guilty verdicts were legally inconsistent; (4) the Illinois trial court erred by failing to consider Petitioner's request for DNA testing; (5) the Illinois trial court committed plain error by conducting a portion of *voir dire* in chambers and without Petitioner present; and (6) the Illinois trial court applied an erroneous procedure in considering Petitioner's claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). (Doc. 1, pg. 2). On December 22, 2022, the Court found, based on the limited record and without commenting on the merits, the Petition survived a Rule 4 Preliminary Review. (Doc. 9). Respondent was served with the Petition on January 4, 2023. (Doc. 11).

Now, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In those other cases, the Court "freely give[s] leave" to amend "when justice so requires." *Id*.

Here, Petitioner has not sought to amend the Petition within 21 days of service on Respondent, as allowed by Rule 15(a)(1)(A). (Docs. 12, 15, and 20). Further, Respondent has not yet served its responsive pleading for purposes of Rule 15(a)(1)(B). Therefore, the Court **FINDS** an amendment under Rule 15(a)(1) is not appropriate at this time.

The Court **FURTHER FINDS** justice does not require leave to amend under Rule 15(a)(2). Aside from the fact that Petitioner may still amend as a matter of course under Rule 15(a)(1)(B), the Court notes, as with the Emergency Motion at Doc. 15, Petitioner articulates no specific basis or new ground for relief to support an amendment. The above six grounds for relief, which were detailed in the Petition and found to survive under Rule 4, remain pending before the Court. Upon receiving Respondent's answer or other pleading in response to the Petition, Petitioner should include all arguments related to those six grounds for relief in a Reply or, alternatively, file an Amended Petition within 21 days of service of said answer or other pleading. Petitioner is cautioned as follows: "[A] piecemeal amendment is not permitted. Any amended petition must therefore include *all* of the allegations and claims (including those from the original petition) that

[Petitioner] wishes to make, in a single filing without reference to other documents. If an amended petition is received, it will become the operative petition in this action, and the Court will screen it in accordance with Rule 4 of the Rules Governing Section 2254 Cases." *McElrath v. Marik*, No. 20-cv-540, 2022 WL 17811447, *5 (E.D. Wisc. Dec. 19, 2022).

For these reasons, the Motion is presently **DENIED without prejudice**.

**SO ORDERED.**

Dated: April 6, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge