IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD L. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-2072-DWD |
| | ) |
| WARDEN GALLOWAY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at Illinois River Correctional Center, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). The Court stayed the case because the Petition presented both exhausted and unexhausted claims. (Doc. 7). Thereafter, Petitioner informed the Court, via a Status Report, that his Petition for Leave to Appeal to the Supreme Court of Illinois was denied. (Doc. 8). Therefore, the Court lifted the stay of the case and conducted a preliminary review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. The Court ultimately found, based on the limited record available and without commenting on the merits, that the Petition survived a preliminary review. For the reasons explained below, however, the Petition is **DENIED** on the merits and the action is **DISMISSED with prejudice**.

### I. BACKGROUND

In June 2016, a jury in the Circuit Court of Peoria County, Illinois, convicted Petitioner of armed robbery and aggravated robbery. (Doc. 1, pg. 1). In October 2016, Petitioner was sentenced to 33 years of imprisonment. (Doc. 1, pg. 1). Petitioner appealed

to the Illinois Appellate Court, Third District, raising the following issues: (1) whether defense counsel rendered ineffective assistance of counsel due to the failure to test a gun for DNA; (2) whether the Illinois trial court erred by failing to consider Petitioner's request for DNA testing; (3) whether the Illinois trial court committed plain error by conducting a portion of *voir dire* in chambers without Petitioner; (4) whether the Illinois trial court applied an erroneous procedure when considering Petitioner's claim under *Batson v. Kentucky*, 476 U.S. 79 (1986); (5) whether the Illinois trial court erred in striking Petitioner's motion to quash arrest; and (6) whether the jury's guilty verdicts were legally inconsistent. *See People v. Johnson*, 2020 IL App (3d) 160675, ¶¶ 1, 31; (Doc. 1, pg. 2).

When resolving that appeal, the Illinois Appellate Court, over the dissent of one justice, vacated Petitioner's conviction and remanded the case for a new trial. *See Johnson*, 2020 IL App (3d) 160675, ¶¶ 47-48; (Doc. 1, pg. 2). In doing so, the Illinois Appellate Court relied on only the first issue raised by Petitioner, *i.e.*, whether defense counsel rendered ineffective assistance of counsel due to the failure to test a gun for DNA. *See Johnson*, 2020 IL App (3d) 160675, ¶¶ 32-42. By virtue of its holding on that issue, the Illinois Appellate Court found it unnecessary to consider Petitioner's five other issues. *See id.* ¶¶ 44-45.

The State of Illinois appealed to the Supreme Court of Illinois, which unanimously reversed the Illinois Appellate Court's decision and affirmed Petitioner's conviction in the Circuit Court of Peoria County. *See People v. Johnson*, 2021 IL 126291, ¶¶ 1, 52-60; (Doc. 1, pg. 3). The Supreme Court of Illinois remanded the case to the Illinois Appellate Court.

On remand, the Illinois Appellate Court considered Petitioner's five other issues, which were mooted by the holding of its prior decision. *See Johnson*, 2022 WL App (3d)

2

160675-UB at ¶¶ 1, 30-57. The Illinois Appellate Court held: (1) the Illinois trial court did not err by failing to consider Petitioner's request for DNA testing; (2) the Illinois trial court did not commit plain error by questioning a prospective juror in the absence of Petitioner; (3) the Illinois trial court applied the correct procedure for a *Batson* challenge; (4) the Illinois trial court properly struck petitioner's motion to quash arrest; and (5) the verdicts were not legally inconsistent. *See Johnson*, 2022 IL App (3d) 160675-U, ¶ 1.

Petitioner filed his Petition on September 2, 2022, raising the same six grounds for relief. (Doc. 1, generally). However, Petitioner indicated a Petition for Leave to Appeal was still pending before the Supreme Court of Illinois. (Doc. 1, pg. 7). The Court stayed the case until the Supreme Court of Illinois could resolve that Petition. (Doc. 7). Petitioner later informed the Court that the Supreme Court of Illinois denied his Petition for Leave to Appeal. (Doc. 8, pg. 8). Accordingly, the Court completed a preliminary review under Rule 4. (Doc. 11). The Court, in part, stated: "[I]t appears Petitioner has exhausted his remedies in the State of Illinois." (Doc. 11) (citing 28 U.S.C. § 2254(b)(1)(A), (c); *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004); *U.S. ex rel. Jones v. Uchtman*, 387 F. Supp. 2d 856, 863-64 (N.D. Ill. 2005)). It also did not "plainly appear[]" Petitioner was entitled to no habeas relief. (Doc. 11). Based on the limited record available and without commenting on the merits, the Court ordered the service of process on Respondent. (Doc. 11).

## II. ANALYSIS

The Court's authority to grant habeas relief to a person in state custody is derived from 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Under § 2254, the Court shall entertain

3

a petition for a writ of habeas corpus on behalf of a person in custody pursuant to a state-court judgment only on the ground that he or she is in custody in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a). A petition for a writ of habeas corpus shall not be granted with respect to any claim, adjudicated on the merits, unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Id*. § 2254(d).

A decision is "contrary to…clearly established federal law" if the rule applied differs from the law set forth by the Supreme Court. *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). A decision "involve[s] an unreasonable application of clearly established federal law" if the decision correctly identifies, but unreasonably applies, the rule of law to the facts of the case. *Id*. (citing *Williams v. Taylor*, 529 U.S. 362, 407 (2000)). The "operative decision" to be reviewed is that of the last state court to reach the merits of the claim. *Stechauner v. Smith*, 852 F.3d 708, 714 (7th Cir. 2017) (quoting *Harris v. Thompson*, 698 F.3d 609, 623 (7th Cir. 2012)). State court determinations of factual issues are presumptively correct, and only clear and convincing evidence will rebut that presumption. 28 U.S.C. § 2254(e)(1).

A state court's finding that a claim is meritless precludes federal habeas corpus relief under § 2254(d) if "fairminded jurists" could disagree about whether the decision was correct. *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). This Court asks whether arguments or theories supported or could have

4

supported the state court's decision, such that "fairminded jurists" could disagree about whether the arguments or theories are inconsistent with a Supreme Court decision. *Id*. at 102; *accord Winfield v. Dorethy*, 871 F.3d 555, 560 (7th Cir. 2017). Put another way, the state court's ruling must be so lacking in justification that the error was "well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103; *accord Smith v. Boughton*, 43 F.4th 702, 708 (7th Cir. 2022).

Notably, a strong case for relief does not necessarily result in a conclusion that the state court's contrary decision was unreasonable. *Harrington*, 562 U.S. at 102; *accord Cal v. Garnett*, 991 F.3d 843, 850 (7th Cir. 2021). The standard applied to § 2254(d) is meant to be difficult because that provision preserves the authority to issue a writ of habeas corpus only if "there is no possibility fairminded jurists could disagree" about whether the decision conflicts with Supreme Court precedent. *Harrington*, 562 U.S. at 102; *accord Cal*, 991 F.3d at 849-50. In this way, § 2254(d) "is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)); *accord Smith*, 43 F.4th at 708. With these principles in mind, the Court proceeds to a consideration of Petitioner's claims.

### A. Ground 1—Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny of cases. The benchmark for such claims is whether counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied upon to have produced a just result. *Strickland*, 466 U.S.

5

at 686-87; *accord Shannon v. U.S.*, 39 F.4th 686, 877 (7th Cir. 2022). To succeed on an ineffective assistance of counsel claim, Petitioner must show: (1) counsel's performance was deficient, meaning the errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) counsel's deficient performance caused prejudice, such that the errors were so serious that they deprived Petitioner of a fair trial and a reliable result. *Strickland*, 466 U.S. at 687; *accord Shannon*, 39 F.4th at 877.

The first prong of the *Strickland* test requires a showing that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88; *accord Shannon*, 39 F.4th at 877. There is a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *See Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 689). The second prong of the *Strickland* test requires a showing that there is a reasonable probability, *i.e.*, a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for the unprofessional errors of counsel. *Strickland*, 466 U.S. at 694; *accord Shannon*, 39 F.4th at 877. This requires more than "some conceivable effect on the outcome of the proceeding." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693). These prongs of the *Strickland* test must be considered in light of the totality of the evidence. *Shannon*, 39 F.4th at 877. If Petitioner fails to satisfy either prong, then a court may dispose of the claim without considering the other prong. *Id.*

The Court stresses the "pivotal question" is whether the Illinois court's ruling was "contrary to or involved an unreasonable application of" *Strickland* under § 2254(d)(1). *Harrington*, 562 U.S. at 101; 28 U.S.C. § 2254(d)(1). Questions of an "unreasonable

6

application of" *Strickland* are different from questions of whether counsel's performance fell below an objective standard of reasonableness under *Strickland*. *Harrington*, 562 U.S. at 101. This is because unreasonable applications of *Strickland*, and incorrect applications of *Strickland*, are distinguishable in the context of § 2254(d)(1). *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)); *accord Jensen v. Clements*, 800 F.3d 892, 908 (7th Cir. 2015). State courts "must be granted a deference and latitude [under § 2254(d)(1)] that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101; *accord Winfield*, 871 F.3d at 560. Finally, the standards that apply to *Strickland* and § 2254(d) are "highly deferential," and the review is " 'doubly' so" when the two standards operate in tandem. *Harrington*, 562 U.S. at 103 (quoting *Strickland*, 466 U.S. at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Knowles v. Mirzayance*, 562 U.S. 86, 123 (2009)); *accord Sigmon v. Stirling*, 956 F.3d 183, 192 (4th Cir. 2020).

Petitioner argues his trial counsel was ineffective for the failure to request "D.N.A. testing of swabs taken from a firearm allegedly use[d] [as] a bludgeon during an arm[ed] robbery." (Docs. 1, pg. 8; 28, pgs. 5-10). Counsel allegedly failed to understand the swabs of the firearm were taken. (Doc. 1, pg. 8). Petitioner indicates he was adamant such testing should occur, and that the state court likely would have allowed the testing if there had been a timely request. (Doc. 1, pg. 8). Petitioner argues there was a reasonable probability that he would have been acquitted if the swabs were tested. (Doc. 1, pg. 8).

Respondent argues, despite the findings of the Illinois Appellate Court, Third District, the Supreme Court of Illinois held this claim was meritless because Petitioner failed to show prejudice. (Doc. 26, pgs. 15-17). More specifically, Respondent argues: "any

7

argument that petitioner was prejudiced requires speculating about the results of hypothetical DNA testing." (Doc. 26, pgs. 17-18). And, even though the Supreme Court of Illinois did not address the performance prong of the *Strickland* test, Respondent argues Petitioner cannot show his trial counsel performed deficiently. (Doc. 26, pg. 15).

Here, the "operative decision" under review is that of a unanimous Supreme Court of Illinois when addressing Petitioner's ineffective assistance of counsel claim. *See Stechauner*, 852 F.3d at 714; *Johnson*, 2021 IL 126291, ¶¶ 56-60. It reasoned as follows:

> ¶ 56 Before this court, the parties dispute whether defendant is able to satisfy either prong of *Strickland*. Defendant correctly notes, however, that in the appellate court and in its petition for leave to appeal, the State did not argue that counsel's performance was not deficient; it contended only that defendant was unable to demonstrate resulting prejudice. In its petition for leave to appeal, the State conceded, in fact, that "counsel's mistaken belief that DNA swabs were unavailable for testing constituted deficient performance given the contrary record evidence." We thus find that the State has forfeited its present claim that defendant is unable to demonstrate that counsel's performance was deficient. See, *e.g.*, *People v. Dorsey*, 2021 IL 123010, ¶ 70, 451 Ill.Dec. 258, 183 N.E.3d 715; *People v. Robinson*, 223 Ill. 2d 165, 173-74, 308 Ill.Dec. 19, 860 N.E.2d 1101 (2006). Moreover, because we conclude that defendant is unable to establish that, but for counsel's failure to have the swabs tested, there is a reasonable probability that the outcome of the trial would have been different, we need not consider whether defendant can satisfy *Strickland*'s performance prong. *Givens*, 237 Ill. 2d at 331, 343 Ill.Dec. 146, 934 N.E.2d 470.
>
> ¶ 57 In *Scott*, 2011 IL App (1st) 100122, ¶¶ 1, 15-17, 354 Ill.Dec. 850, 958 N.E.2d 1046, after the defendant's first degree murder conviction was affirmed on direct appeal, he filed a postconviction petition alleging that his trial attorney was ineffective for failing to pursue DNA testing of a shirt that the defendant purportedly wore during the commission of the offense. The defendant maintained that DNA testing might have resulted in potentially exculpatory and highly relevant evidence because the absence of his DNA on the shirt, coupled with the presence of someone else's, would have suggested that the defendant had been wrongly identified by the State's eyewitnesses. *Id.* ¶ 30. When rejecting the defendant's ineffective-assistance claim, the appellate court concluded that

8

the defendant could not establish prejudice under *Strickland* because any arguments regarding the potential results of the unperformed testing were entirely speculative. *Id.* ¶ 31. The court noted that it was not known whether the shirt contained DNA sufficient for testing, "let alone whether the results would be exculpatory." *Id.* "Without test results," the court explained, it could not determine whether there was a reasonable probability that the result of the defendant's trial would have been different had testing been pursued. *Id.* The court further noted that any opinion that could be made with respect to prejudice would be advisory because there was no exculpatory evidence to consider. *Id.*

¶ 58 Here, the dissent rightly relied on *Scott* when concluding that defendant was unable to demonstrate prejudice for purposes of *Strickland*. See 2020 IL App (3d) 160675, ¶ 53, 444 Ill.Dec. 890, 165 N.E.3d 536 (Schmidt, J., dissenting). Although Patterson's pistol was swabbed for potential DNA, it is unknown whether the swabs contain DNA sufficient for testing, let alone whether the results would be exculpatory. Furthermore, because there is no exculpatory evidence for us to consider, any opinion that could be made with respect to prejudice would be advisory. Defendant argues that *Scott*'s rationale should be limited to its facts, but its pertinent holding was not factually dependent. It was rather a practical application of the well-established rule that prejudice under *Strickland* cannot be based on "mere conjecture or speculation." *Palmer*, 162 Ill. 2d at 481, 205 Ill.Dec. 506, 643 N.E.2d 797; see also *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) (speculation as to what an expert witness would say is insufficient to establish prejudice); *People v. Dupree*, 2018 IL 122307, ¶¶ 34-40, 429 Ill.Dec. 398, 124 N.E.3d 908 (explaining that a defendant cannot prevail on a claim that counsel was ineffective for failing to investigate witnesses without sufficient evidence that the witnesses would have provided testimony favorable to the defense); *People v. Olinger*, 176 Ill. 2d 326, 363, 223 Ill.Dec. 588, 680 N.E.2d 321 (1997) (rejecting the defendant's claim that counsel was ineffective for failing to pursue a strategy based on unidentified fingerprints found at the crime scene where his claim that the prints might have exonerated him was "pure speculation" falling "far short of the demonstration of actual prejudice required by *Strickland*"); *People v. Thompson*, 2020 COA 117, ¶ 55, 485 P.3d 566 (rejecting the defendant's claim that counsel's failure to request additional DNA testing resulted in prejudice as "inherently speculative" given that the additional testing had not been performed). As the dissent rightly observed, the appellate majority in the present case essentially created a new test, which in contravention of *Strickland* "allows a defendant to assume, for the purposes of establishing ineffective assistance, that any DNA tests will come out in

>his favor." 2020 IL App (3d) 160675, ¶ 54, 444 Ill.Dec. 890, 165 N.E.3d 536 (Schmidt, J., dissenting).

*Johnson*, 2021 IL 126291, ¶¶ 56-58.

This reasoning was, by no means, contrary to or an unreasonable application of *Strickland* under § 2254(d)(1). *See Harrington*, 562 U.S. at 101, 103; 28 U.S.C. § 2254(d)(1). Indeed, the Supreme Court of Illinois correctly expressed the principle that *Strickland* prejudice cannot be shown with speculative arguments about potentially exonerating evidence like unperformed DNA testing. *See, e.g., U.S. v. Asubonteng*, 895 F.2d 424, 429 (7th Cir. 1990) ("This court has consistently held that such conclusory allegations [about potentially exonerating evidence in the form of unknown witness testimony] do not satisfy *Strickland's* prejudice component.") (collecting cases); *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991) ("Looking solely by analogy at authority considering the requirement of a showing of prejudice in a claim of ineffective assistance of counsel, the party must present evidence, not mere conclusory allegations, that counsel overlooked exculpatory testimony.") (collecting cases); *U.S. v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."); *U.S. v. Rogers*, 13 Fed. App'x 386, 389 (7th Cir. 2001) ("[The defendant] overlooks numerous decisions of this court stating that "conclusory allegations" without more cannot establish a Sixth Amendment violation."); *U.S. v. Traeger*, 289 F.3d 461, 473 (7th Cir. 2002) ("A defendant's speculation about what evidence might have been found is insufficient to demonstrate prejudice—he must show what the evidence would have been and how it would have

produced a different result."); *George v. Smith*, 586 F.3d 479, 485-86 (7th Cir. 2009) ("[T]he petitioner must '*affirmatively prove*' the prejudice prong of his *Strickland* claim and *show* that the errors actually had an adverse effect on the defense. To demonstrate prejudice from counsel's deficient performance, a defendant must *show* that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. If a defendant is unable to *make a sufficient showing* on either component of the *Strickland* standard, we need not consider the other component.") (Emphasis in original) (cleaned up); *Magee v. Smith*, 403 Fed. App'x 84, 86 (7th Cir. 2010) ("The prejudice prong requires something beyond speculation that the jury verdict may have been tainted by counsel's deficiency."); *U.S. v. Jackson*, 930 F. Supp. 1228, 1234 (N.D. Ill. 1996) ("Mere conclusory assertions that errors prevented an acquittal do not satisfy *Strickland's* prejudice requirement."). The Court stresses "it is unknown whether the swabs contain DNA sufficient for testing, let alone whether the results would be exculpatory," so the Supreme Court of Illinois could not even opine, in a non-advisory fashion, on whether there was a reasonable probability that the result of Petitioner's jury trial would have been different absent trial counsel's allegedly deficient performance. *See Strickland*, 466 U.S. at 687, 694; *Shannon*, 39 F.4th at 877; *Harrington*, 562 U.S. at 104; *Johnson*, 2021 IL 126291, ¶ 58. It is notable, though, that even if the test results tended to be exculpatory, in that they indicated the firearm did not contain the DNA of the worker "bludgeon[ed]" at the gas station, that would not necessarily indicate the Supreme Court of Illinois would find prejudice due to the other evidence admitted at the jury trial. *See Jeffries v. Adkins*, No. 21-cv-3637, 2024 WL 1363633, *24 (N.D. Ill. March 29, 2024)

11

("Even if Petitioner's counsel had requested DNA testing on the hair, and even if that testing had not matched Petitioner, the Court has no[] reason to think the results would have altered the outcome of Petitioner's trial."). Therefore, when granting the Supreme Court of Illinois the deference and latitude owed in a case involving both § 2254(d)(1) and *Strickland*, it is clear Petitioner's Petition must be **DENIED** on the first ground for relief. *See Harrington*, 562 U.S. at 101, 103; *Winfield*, 871 F.3d at 560; *Sigmon*, 956 F.3d at 192.

### B. Grounds 2 through 6

Petitioner invokes the following issues as grounds 2 through 5 in the Petition: whether the Illinois trial court erred by failing to consider Petitioner's request for DNA testing; whether the Illinois trial court committed plain error by conducting a portion of *voir dire* in chambers without Petitioner; whether the Illinois trial court applied an erroneous procedure when considering Petitioner's claim under *Batson*; whether the Illinois trial court erred in striking Petitioner's motion to quash arrest; and whether the jury's guilty verdicts were legally inconsistent. (Doc. 1, generally). Respondent, for his part, initially notes the latter two grounds do not appear in the Petition other than "as passing references made while listing his claims." (Doc. 26, pg. 11). Respondent recognizes, however, "petitioner's later filings made it clear that he intended to raise all six of the claims." (Doc. 26, pg. 11). In any event, though, Respondent argues grounds 2 and 6 are not cognizable, ground 3 was denied on an adequate and independent state law basis, and grounds 2 through 5 are procedurally defaulted. (Doc. 26, pgs. 11-14).

Section 2254(b)(1), which is relevant here, states: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

12

shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State…if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c).

The exhaustion requirement is based on the principle that, in a federal system, states should have an opportunity to correct violations of a state prisoner's federal rights. *Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). A petitioner must "fairly present" claims in the state court, meaning he or she asserts the claims, on direct appeal or in postconviction proceedings, in "one complete round of state-court review." *Lewis*, 390 F.3d at 1025 (citing *Baldwin v. Reese*, 541 U.S. 27, 124 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971)). This means the claims are raised "at each and every level in the state court system, including levels at which review [wa]s discretionary rather than mandatory." *Id.* at 1025-26 (citing *O'Sullivan*, 526 U.S. at 845)); *see also Uchtman*, 387 F. Supp. 2d at 863-64 (stating a "complete round of state-court review" in Illinois comprises a review by the Appellate Court and at least a petition for review by the Supreme Court).

Notably, it is not enough that the facts necessary to support a claim were before the state court or that Petitioner raised a similar state law claim. *Momient-El v. DeTella*, 118 F.3d 535, 539 (7th Cir. 1997) (quoting *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992)). Instead, both the operative facts and the controlling legal principles must be

13

presented to the state court. *Id.* (quoting *Verdin*, 972 F.2d at 1474). If the petitioner exhausted his or her state court remedies without raising claims in a "complete round of state-court review," then the claims are procedurally defaulted. *Lewis*, 390 F.3d at 1026 (citing *O'Sullivan*, 526 U.S. at 848-49; *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999); *Momient-El*, 118 F.3d at 541). In that instance, habeas relief is unavailable unless a petitioner can show cause for and prejudice from the procedural default or that a denial of habeas corpus relief will result in a miscarriage of justice. *Id.* at 1026 (citing *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

Here, the Court must conclude Petitioner failed to "fairly present" grounds 2 through 5 for a "complete round of state-court review," such that those grounds for relief are procedurally defaulted. *See* 28 U.S.C. § 2254(b)(1), (c); *Lewis*, 390 F.3d at 1025-26; *Uchtman*, 387 F. Supp. 2d at 863-64; *Momient-El*, 118 F.3d at 539. The record reflects Petitioner presented all six grounds for relief to the Illinois Appellate Court, Third District, on direct appeal. *See Johnson*, 2020 IL App (3d) 160675 at ¶¶ 1, 31; (Docs. 1, pgs. 10, 12, 14, 16; 27-2, generally). That court resolved the appeal, in Petitioner's favor, based only on his first ground for relief. *See Johnson*, 2020 IL App (3d) 160675 at ¶¶ 1, 30-48. Thereafter, the Supreme Court of Illinois reversed the decision of the Illinois Appellate Court, Third District, on the first ground for relief, and remanded the case to that court for consideration of grounds 2, 3, 4, 5, and 6. *See Johnson*, 2021 IL 126291 at ¶¶ 1, 52-60. The Illinois Appellate Court, Third District, rejected those remaining grounds for relief, and Petitioner unsuccessfully filed a Petition for Leave to Appeal to the Supreme Court of Illinois based only on the sixth ground for relief. *See Johnson*, 2022 WL App (3d) 160675-

14

UB at ¶¶ 1, 30-57; (Doc. 27-12). Since Petitioner never "fairly present[ed]" grounds 2, 3, 4, and 5 to the Supreme Court of Illinois, those grounds for relief are procedurally defaulted.[1] [2] And, importantly, Petitioner has provided no basis for the Court to find the procedural default was excusable. *See Lewis*, 390 F.3d at 1026. Therefore, habeas relief is unavailable on grounds 2, 3, 4, and 5. The Petition is **DENIED** on those grounds for relief.

Finally, on ground 6, which is based on the jury's allegedly legally inconsistent verdicts, Petitioner is not entitled to habeas relief. The Seventh Circuit has recognized:

> [E]ven assuming that the verdicts were legally inconsistent, the Illinois Supreme Court's decision not to grant a new trial did not involve an unreasonable application of United States Supreme Court precedent. The United States Supreme Court has held that inconsistent verdicts are constitutionally tolerable.

---

[1] Based on this ruling, it is unnecessary to make additional findings as to ground 3; however, Respondent correctly notes ground 3 was reviewed by the Illinois Appellate Court, Third District, under the plain error doctrine because Petitioner "failed to preserve the issue for appellate review." *See Johnson*, 2022 WL App (3d) 160675-UB at ¶¶ 47-50; (Doc. 26, pg. 14). In other words, Respondent is correct that ruling was based, at least in part, on forfeiture principles, which represent an adequate and independent state law basis for rejecting ground 3. On this point, the Seventh Circuit has recognized:

> When a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed. *Woods v. Schwartz,* 589 F.3d 368, 373 (7th Cir. 2009); *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). The state law ground relied on by the state court can be procedural, in which case the claims are "commonly referred to as being procedurally defaulted." *Woods,* 589 F.3d at 373. Thus, when a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules (i.e., because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural grounds. *See Woods,* 589 F.3d at 373; *Gray v. Hardy,* 598 F.3d 324, 329 (7th Cir. 2010).

*Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010); *accord Carter v. Douma*, 796 F.3d 726, 733-34 (7th Cir. 2015); *see also Gray*, 598 F.3d at 329 ("[W]e have repeatedly explained that where a state court reviews the claim for plain error as the result of a state procedural bar such as the Illinois doctrine of waiver, that limited review does not constitute a decision on the merits.").

[2] In Illinois, "determinations of the reviewing court on direct appeal are *res judicata* as to issues actually decided and issues that could have been raised in the earlier proceeding, but were not, are deemed waived." *People v. Johnson*, 183 Ill.2d 176, 186 (1998) (citing *People v. Coleman,* 168 Ill.2d 509, 522 (1995)).

15

*Mahaffey v. Schomig*, 294 F.3d 907, 921 (7th Cir. 2002) (citing *Los Angeles v. Heller,* 475 U.S. 796, 804 n. 10 (1986) (collecting cases); *Standefer v. U.S.,* 447 U.S. 10, 25 (1980)); *see also U.S. v. Bailin*, 977 F.2d 270, 277 (7th Cir. 1992) ("Inconsistent simultaneous verdicts are permissible because the jury may have 'properly reached its conclusion on the conviction and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion' on the acquitted count.") (cleaned up); *White v. Hulick*, No. 7-cv-2112, 2008 WL 11441890, *8 (C.D. Ill. June 12, 2008) ("The Supreme Court has rejected the idea that there is a constitutionally guaranteed right to a consistent verdict. Any relief Petitioner might receive for inconsistent verdicts would be under state law and is thus not cognizable under federal habeas review.") (cleaned up)).

Accordingly, Petitioner's Petition must also be **DENIED** on ground 6.

### III. CONCLUSION

As explained above, the Petition is **DENIED** and the action is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

Since Petitioner's detention arises out of the process issued by a state court, he may only appeal the final order in this proceeding if the Court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also* Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts ("[T]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue under § 2253(c)(1) only if Petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). He must show that reasonable jurists could debate whether the Petition should have been resolved differently or

16

whether the issues presented adequately deserved encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *accord Brown v. Brown*, 847 F.3d 502, 515 (7th Cir. 2017). Similarly, if Petitioner's claims were dismissed on procedural grounds, without consideration of the merits, then he must show jurists of reason would find it debatable whether there was a valid claim for the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Peterson v. Douma*, 751 F.3d 524, 530-31 (2014). Section 2253(c) requires an overview and general assessment of the merits of the claims, but the threshold inquiry by the Court does not require full consideration of the factual or legal bases that support Petitioner's claims. *See Miller-El*, 537 U.S. at 336; *accord Brown*, 847 F.3d at 515.

Here, the Court concludes no reasonable jurist would debate whether its rulings on the substantive issues and as to procedural default were correct. *See Miller-El*, 537 U.S. at 336; *Brown*, 847 F.3d at 515. Accordingly, a certificate of appealability is **DENIED**. If he wishes, Petitioner may reapply for a certificate of appealability with the United States Court of Appeals for the Seventh Circuit. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

**SO ORDERED.**

Dated: September 16, 2025

---

DAVID W. DUGAN
United States District Judge